36 F.3d 1105
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Abel MARTINEZ, Jr., Petitioner-Appellant,
v.
STATE of New Mexico; Thomas Udall, New Mexico State
Attorney General; New Mexico Corrections
Department, Respondents-Appellees.
 No. 94-2047.
 United States Court of Appeals, Tenth Circuit.
 Sept. 26, 1994.
 
 Before SEYMOUR, Chief Judge, McKAY and BALDOCK, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 The parties have agreed that this case may be submitted for decision on the briefs. See Fed. R.App. P. 34(f); 10th Cir. R. 34.1.2. The case is therefore ordered submitted without oral argument.
 
 
 2
 This court grants Appellant's request for a certificate of probable cause and proceeds to the merits of the case.
 
 
 3
 After a jury found him guilty of forgery in a New Mexico state court, Appellant was sentenced as an habitual offender based on two prior convictions. Appellant now asserts in this habeas corpus action that the New Mexico court violated his federal due process rights by so sentencing him without an adequate hearing as required by New Mexico law. Appellant apparently also argues that the evidence of his prior convictions introduced by the prosecution was insufficient, in violation of his due process rights. Appellant's allegations are without merit. First, Appellant admits that two separate hearings were held concerning his status as an habitual offender, and, therefore, his due process right to a hearing under New Mexico law was not infringed. In addition, at those hearings the prosecution submitted a judgment and information from a 1986 conviction in which Appellant admitted being convicted of an even earlier offense in 1979. We therefore hold that the government submitted sufficient evidence that Appellant had two convictions prior to 1990. See Lewis v. Jeffers, 497 U.S. 764, 781 (1990).
 
 
 4
 AFFIRMED.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470